■ In the Matter of the Claim of Lloyd R. Shackleton, Respondent, v Anthony Santillo et al., Appellants, and Louis Santillo et al., Respondents, Uninsured Employers Fund, Respondent. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 6, 1974. In May, 1968 claimant was hired by Louis Santillo (Louis) at the State Fairgrounds in Syracuse, New York. His first job was to tear down a hot dog stand operated by Anthony Santillo (Anthony). Claimant thereafter left Syracuse with Louis in a truck which bore the name of Allied Caterers, Inc. (Allied), a Virginia corporation of which Louis was secretary. In June, 1968 claimant went to Bridgeport, Connecticut, with Louis, where claimant was injured. Initially, he was awarded compensation payable by Allied as an uninsured employer. After two hearings the referee made an award against Louis and/or Allied, as uninsured employers. Upon application for review, the referee's decision was modified by the board which found Anthony liable as a contractor pursuant to section 56 of the Workmen's Compensation Law, and this appeal ensued. Section 56 imposes liability on a contractor who hires a subcontractor who fails to provide compensation for his employees. The sole issue for our determination is whether there is substantial evidence in the record to support the finding that Anthony subcontracted his Bridgeport concession to Louis. We believe there is such evidence. The midway operator of the Bridgeport carnival testified that he orally granted a concession to Anthony to operate a hot dog stand during the carnival. The record also reveals that Tobin Packing Company made deliveries of hot dogs and other meats to Anthony during the Bridgeport carnival and billed him therefor. The midway operator, however, testified that Louis not Anthony managed

the stand at Bridgeport. Furthermore, Anthony testified that he often let others have his contract at carnivals when he was unable to be there himself. While there are some discrepancies in the testimony, they merely presented questions of credibility which were resolved against appellants. Considering the record in its entirety, we are of the view that it contains substantial evidence to support the board's determination and it should not be disturbed. Decision affirmed, with costs to the Uninsured Employers Fund. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.